UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAKEISHA JOHNSON                         CIVIL ACTION

VERSUS

WAL-MART STORES, INC.                 NO.:15-00107-BAJ-RLB

### RULING AND ORDER

Plaintiff Lakeisha Johnson's ("Johnson") action on behalf of her minor child, Ja'Travien Johnson, was removed to this Court from the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, pursuant to 28 U.S.C. § 1441. In its Notice of Removal, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") invokes the Court's general diversity jurisdiction, as described in 28 U.S.C. § 1332(a). (Doc. 1 at ¶ 4). However, upon *sua sponte* review of Wal-Mart's removal materials, the Court concludes that it lacks subject matter jurisdiction because Wal-Mart has failed to establish that the amount in controversy in this matter likely exceeds $75,000.00. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990) ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time.").

    I.    **DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by

<small>18th JDC - certified</small>

judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In their Notice of Removal, Defendants assert traditional diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 2 at ¶ 4). In addition to its diversity of citizenship requirement, § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). Here, Johnson's original state court Petition fails to specify or even estimate an amount in controversy. (*See* Doc. 1-1). In such instances, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The preponderance of evidence standard is met "either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in

controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met." *Felton*, 324 F.3d at 773–74.

Upon review, it is hardly apparent from the face of Johnson's Petition that her claims exceed $75,000.00. The injuries alleged and damages claimed are vaguely stated—amounting to customary categories of damages universally set forth in personal injury actions—and, thus, provide the court with little guidance as to the *actual* damages that Johnson's son incurred. (*See* Doc. 1-1 at ¶¶ 6, 11). "[R]emoval cannot be based simply upon conclusory allegations." *Felton*, 324 F.3d at 774 (quotation marks omitted).[1] The various damages stated in Johnson's Petition are too speculative to provide the Court the requisite degree of confidence that the Petition, standing alone, makes out a claim for more than $75,000.00.

Likewise, Wal-Mart's removal petition and accompanying materials are insufficient to satisfy the preponderance of evidence standard. Wal-Mart failed to append affidavits or other evidence attesting to the amount in controversy to their Notice of Removal. Further, Wal-Mart's Notice fails to set forth additional facts regarding the amount in controversy. Instead, Wal-Mart's Notice parrots the damages claimed in Johnson's Petition, before asserting that it has "satisfied its

---

[1] Certainly, Johnson's alleged injuries create the *potential* for a claim in excess of $75,000.00. The mere *potential* for recovery in excess of the jurisdictional minimum, however, is not enough. Rather, case law from the United States Court of Appeals for the Fifth Circuit is clear that to satisfy the jurisdictional minimum, the defendant must show that it is *more likely than not* that the plaintiff will recover more than the jurisdictional minimum. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that the plaintiff "could well" recover more than the jurisdictional minimum); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that there is "some possibility" that the plaintiff will recover more than the jurisdictional minimum). Here, Wal-Mart has simply failed to carry their burden.

3

burden of showing that the amount in controversy in this litigation exceeds $75,000.00, exclusive of interest and costs." (Doc. 2 at ¶¶ 6, 8). Wal-Mart also avers that Johnson "fail[ed] to outline the exact amount of her damages" as well as "refused" to execute a stipulation of damages that the minor child's damages were less than $75,000.00, neither of which is required. (*Id.* at ¶¶ 6-7). In fact, Louisiana law prohibits a plaintiff from pleading a specific amount of monetary damages in her state court Petition. *See* La. Code .Civ. P. art. 893. Furthermore, Johnson's failure to stipulate that her damages are less than $75,000.00 is also unavailing. Although Wal-Mart avers that *Davis v. State Farm Fire & Cas.*, No. 06-560, 2006 WL 1581272 (E.D. La. June 7, 2006) requires a party to" offer a binding stipulation that she will not seek to enforce any judgment that may be awarded in excess of $75,000.00," the *Davis* decision contains no such mandate. Instead, *Davis* merely highlights that a plaintiff "must affirmatively renounce the right to accept a judgment in excess of $75,000.00 for his pre-removal state court pleadings and stipulations to bind him." *Davis*, 2006 WL 1581272, at * 2. In the absence of such a stipulation, however, the Court must rely on the complaint and any post-removal affidavits to make the amount in controversy determination. To repeat, "removal cannot be based simply upon conclusory allegations," and here, that is all that Wal-Mart has provided. *Felton*, 324 F.3d at 774 (quotation marks omitted).

## II. CONCLUSION

In sum, Wal-Mart has failed to carry their burden of proving by a preponderance of the evidence that the amount in controversy exceeds the

jurisdictional minimum under 28 U.S.C. § 1332(a); *see Felton*, 324 F.3d at 773–74. Having no basis to exercise jurisdiction over Johnson's claims, this action "shall be remanded" pursuant to 28 U.S.C. § 1447(c).

**IT IS ORDERED** that this action is **REMANDED** to the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.

Baton Rouge, Louisiana, this 4th day of March, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA